```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**CHAD KISTER,**

       **Plaintiff,**

  vs.                                **Civil Action 2:10-CV-395**
                                          **Judge Marbley**
                                          **Magistrate Judge King**

**STATE OF OHIO,**

       **Defendant.**

## OPINION and ORDER

On May 24, 2010, the United States Magistrate Judge issued an *Order and Report and Recommendation* granting plaintiff's motion for leave to proceed *in forma pauperis* but recommending that the action be dismissed. *Order and Report and Recommendation*, Doc. No. 9. This matter is now before the Court on plaintiff's objection to that *Report and Recommendation,* Doc. No. 15, which the Court will consider *de novo.* See 28 U.S.C. §636(b); Fed. R. Civ. P. 72.

This action was initiated in this Court upon the filing by plaintiff of a *Notice of Removal*. Doc. No. 1. Plaintiff apparently intended to remove to this Court involuntary commitment proceedings then pending in the Probate Court of Athens County, Ohio. *See Motion to Remove Case and Change Venue*, Doc. No. 7. As the Magistrate Judge reasoned, however, the federal removal statute, 28 U.S.C. §1441, does not authorize the removal of the state court commitment proceedings to this Court. Moreover, even if plaintiff's filing is construed as a petition for a writ of habeas corpus under 28 U.S.C. §§2241, 2254, the action cannot proceed because it does not appear that plaintiff has exhausted the state court remedies available to him. *See* O.R.C.

§§5122.15,.30.  The Magistrate Judge therefore recommended that the action be dismissed.

Plaintiff objects to that recommendation, arguing that the commitment proceedings were properly removed to this Court because plaintiff's rights under the United States Constitution and "numerous international treaties," *Objections*, at 5, have been denied him in those proceedings.  However, removal based on federal question jurisdiction is proper only where the federal question appears on the face of the complaint. "[A] case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *Caterpillar Inc. V. Williams*, 482 U.S. 386, 393 (1987)(emphasis in the original).  Plaintiff's recourse is to pursue his federal defenses in the state court proceedings or, as the Magistrate Judge noted, in proceedings under O.R.C. §§5122.15,.30.

Plaintiff's objections to the *Report and Recommendation* are **DENIED**.  The *Report and Recommendation* is **ADOPTED AND AFFIRMED**.  This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT**.  Moreover, the Court concludes that an appeal from the judgment entered in this action would not be taken in good faith.  *See* 28 U.S.C. §1915(a).

        *s/Algenon L. Marbley*
        Algenon L. Marbley
        United States District Judge

2